UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan  609-858-9360
United States Bankruptcy Judge  609-989-2259 Fax

September 3, 2015

Kirsten B. Ennis, Esq.
92 East Main Street, Suite 407
Somerville, NJ 08876
Attorney for Plaintiff, Bose Obgebor

James P. Berg, Esq.
Joseph H. Lemkin, Esq.
Fred w. Hoensch, Esq.
Parker, Ibrahim & Berg
270 Davidson Avenue
Somerset, NJ 08873
Attorneys for Defendant, JPMorgan Chase Bank, N.A.

> Re: Bose Ogbebor
> Case No. 15-11420 (MBK)
>
> Ogbebor v. JP Morgan Chase Bank, N.A., et als.
> Adv. Pro. No. 15-01302

Counselors:

This matter is before the Court upon the Amended Motion of ("Motion") of Defendant, J.P. Morgan Chase, Bank, N.A. ("Defendant" or "Chase"), seeking to dismiss the First Amended Complaint of Plaintiff, Bose Ogbebor ("Plaintiff" or "Ogbebor") and to dismiss the cross-claim of M&T Bank, Federal Home Loan Mortgage Corporation and Bayview Loan Servicing. The Court has reviewed the pleadings submitted and entertained oral argument on August 11, 2015. The Court has also received and reviewed the supplemental pleadings filed by the parties. The Court issues the following ruling:

**I.   Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (K), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409

**II.   Background**

On April 25, 2007, the Plaintiff, along with her mother, Alice Omorgie, executed a mortgage (the "Mortgage") to secure a $358,000 loan (the "Loan") from Chase for the purchase of the property located at 15 Riddle Avenue, Hampton, NJ 08827 ("Property"). Plaintiff subsequently defaulted on her mortgage payments and Chase initiated mortgage foreclosure proceedings in October 2012. In order to come current on her mortgage, Plaintiff sought a mortgage modification and claims to have submitted Requests for Modification and Affidavits under the HAMP Program on March 22, 2012, September 12, 2012, October 24, 2012 and January 29, 2013. Plaintiff further claims that at some point in early 2013, she offered Chase the deed-in-lieu of foreclosure to a rental property she owned at 82 Willoughby Street in Newark, New Jersey 07112, allegedly having a market value of $150,000 and at least $60,000 in equity. Plaintiff avers that she was informed by a representative of Chase that her deed in-in-lieu offer was accepted but that she needed to visit the courthouse and execute a judgment in connection

with the Willoughby Street property. Subsequently, Chase has denied the existence of the deed-in-lieu agreement.

On April 3, 2013, Chase filed an Application for Final Judgment in the foreclosure action which was granted as uncontested on May 1, 2013. On June 5, 2013, Plaintiff filed a Motion to Vacate Default Judgment which was denied on July 12, 2013. From May 1, 2013 through August 27, 2014, Plaintiff was provided with notices regarding the scheduling of a sheriff's sale of the Property, with the final notice dated August 27, 2014 advising that the sheriff's sale was scheduled for October 1, 2014. On October 1, 2014, the Property was sold at sheriff's sale to Chase. Plaintiff avers that throughout 2013 and 2014, both before and after the sheriff's sale, Plaintiff communicated with Chase and the entities servicing the loan, M&T Bank and Bayview Loan Servicing, regarding loan modification efforts. Specifically, Plaintiff avers that she filed another request for loan modification with Chase on August 1, 2013 and thereafter continuously and diligently provided documents and information in response to written requests from Chase in support of the pending application. Thereafter, M & T Bank took over as loan servicer in early 2014, with Bayview Loan Servicing LLC acting as agent, and Plaintiff avers that she filed a new loan modification application with Bayview in March of 2014.

On or about December 4, 2014, Plaintiff filed a Motion to Set Aside Sheriff's Sale in her underlying state court foreclosure action, raising many of the same claims being pursued in this adversary proceeding. On January 13, 2015, the state court entered an order and memorandum opinion denying the Plaintiff's Motion to Set Aside Sheriff's Sale. After the state court denied Plaintiff's Motion to Set Aside Sheriff's Sale, an eviction was scheduled for February 2, 2015.

3

Five days before the eviction, the Plaintiff filed her chapter 13 petition with this Court in an effort to halt Plaintiff's impending eviction from the Property. On March 22, 2015, Plaintiff filed this adversary proceeding against Chase, M&T Bank, Bayview Loan Servicing and Federal Home Loan Mortgage Corporation, stating three counts against Chase: (1) breach of an alleged agreement with an unidentified representative of Chase to allegedly accept a deed-in-lieu of foreclosure on a different property in exchange for ending the pending foreclosure against the Property; (2) violation of the New Jersey Consumer Fraud Act in connection with the alleged agreement referenced above and for not agreeing to a loan modification and (3) for injunctive and declaratory relief seeking to set aside the October 1, 2014 sheriff's sale, the return of the Property to Plaintiff, and the reinstatement of the Mortgage consistent with the terms of some alleged agreement of the parties.

On June 30, 2015, defendants M&T Bank, Federal Home Loan Mortgage Corporation and Bayview Loan Servicing filed an Answer to Plaintiff's Complaint which included an alleged cross-claim against Chase for indemnification.

For the reasons that follow, the Court determines that Count Two (Violation of NJ Consumer Fraud Act) of the Amended Complaint will be dismissed, without prejudice to Plaintiff's right to refile a second amended complaint addressing the deficiencies cited below, within 30 days of the entry of an Order on this Motion. With respect to Count Three (Injunctive and Declaratory Relief), this Count is dismissed with prejudice. Chase's Motion is denied in all other respects.

4

### III. Discussion

A.  12(b)(6) Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 7012(b), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed R. Civ. Proc. 12(b)(6); Bankr. R. 7012(b). A motion made under Rule 12(b)(6) challenges the legal sufficiency of a claim in order to determine whether it should proceed. *Morris v. Azzi*, 866 F.Supp. 149, 152 (D.N.J. 1994). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993), *reh'g en banc denied, Hess v. Advanced Cardiovascular Systems, Inc.*, 520 U.S. 1277 (1997).

When considering a Rule 12(b)(6) motion, a court must conduct a three-part analysis: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.2011) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Second, the court must accept all of plaintiff's well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff, though the court should disregard legally conclusory allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir.2009). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.* at 211. It is not enough for a pleading to offer "only 'labels and conclusions' or a 'formulaic

5

recitation of the elements of a cause of action' " to survive a motion to dismiss; the plaintiff's allegations, taken together, must support a plausible claim under each cause of action. *Id.* at 210. In the case presently before the Court, as discussed below, Plaintiff fails to plead sufficient facts to state a plausible claim to relief with respect to Count Two (Violation of NJ Consumer Fraud Act) . This is not the case with respect to the balance of the Amended Complaint.

First, with respect to Count One (Breach of Contract), Plaintiff avers in paragraphs 33-37 of the Amended Complaint, that "[I]n or around early 2013, Plaintiff and Defendant JPMC entered into an Agreement in which Plaintiff agreed to convey her interest in a separate rental property to JPMC in exchange for JPMC ending the pending foreclosure against Plaintiff's Riddle Street Property......Plaintiff was willing ready and able to convey the interest to the rental property and in fact was instructed to do so by a representative of Chase.... Plaintiff has performed all obligations required of her, except for those which were excused by JPMC's non-performance or breach..... Defendant JPMC breached the contract by continuing foreclosure proceedings and thereafter ignoring the agreement..... Plaintiff has suffered ascertainable loss as a result of the above referenced actions". Here, Plaintiff has alleged the **bare minimum** of facts needed to establish a breach of contract claiam. *See Sheet Metal Works Intern. Ass'n Local Union No. 27, AFL–CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir.2013) (stating that the elements for a breach of contract claim under New Jersey law are: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages").

6

The Court is cognizant that while Plaintiff has averred sufficient facts to state a claim for breach of contract, she is nowhere near satisfying her ultimate burden of persuasion and indeed has not referenced a signed writing which may prove critical in order for her to prevail. The Court notes N.J.S.A 25:1–13, New Jersey's Codification of the Statute of Frauds, which states:

> An agreement to transfer an interest in real estate or to hold an interest in real estate for the benefit of another shall not be enforceable unless: ... (b) a description of the real estate sufficient to identify it, the nature of the interest to be transferred, the existence of the agreement and the identity of the transferor and the transferee are proved by clear and convincing evidence.

Whether or not Plaintiff is able to prove the existence of the agreement to accept the deed-in-lieu and halt the foreclosure proceeding with sufficient evidence is not a matter to be determined on a motion to dismiss, but instead should be reserved until at least the summary judgment stage. *Garruto v. Cannici*, 2011 WL 2409912 at *5 (Sup.Ct.App.Div.2011) (granting summary judgment against a plaintiff who asserted the existence of an oral modification to a mortgage agreement because he was not able to meet the clear and convincing evidence standard of N.J.S.A 25:1–13(b)).

The Plaintiff's Count Two under the New Jersey Consumer Fraud Act, however, does fail to meet the minimal pleading requirements and must be dismissed, without prejudice. A claim under the NJCFA is subject to the same heightened pleading standards as those established by Rule 9(b). *See FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir.1994); *Harnish v. Widener Univ. School of Law*, 931 F.Supp.2d 641, 647 (D.N.J.2013). The purpose of the heightened requirements is not to test the factual allegations of the claim, but to provide notice. *Id.* A plaintiff only satisfies Rule 9(b) when he pleads the circumstances surrounding the alleged fraud

7

sufficiently so as to place the defendant on notice of the precise misconduct of which he is charged. *Id., See e.g., In re Norvergence, Inc.*, 384 B.R. 315, 357, 632-63 (Bankr. D.N.J. 2008) (stating that the allegations of fraud must be plead with "all of the essential factual background that would accompany the first paragraph of any newspaper story – the 'who, what, when where and how' of the events at issue"); *In re Allserve Sys. Corp.*, 379 B.R. 69, 75-77 (Bankr. D.N.J. 2007); *In re Kroen*, 280 B.R. 347, 352 n.2 (Bankr. D.N.J. 2002). To satisfy Rule 9(b)'s pleading requirements " 'a complaint must allege with some specificity the acts constituting fraud… conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough'." *Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs. Ltd.)*, 337 B.R. 791, 801 (Bankr. S.D.N.Y., 2005)(*quoting Odyssey Re (London) Ltd. V. Stirling Cooke Brown Holdings, Ltd.*, 85 F.Supp.2d 282, 293 (S.D.N.Y. 2000).

In the case presently before the Court, the Plaintiff has provided only a conclusory allegation that the Chase's conduct was fraudulent or deceptive. Indeed, Plaintiff does not identify any specific misrepresentations or any fraudulent conduct with particularity. Rather, Plaintiff merely states in paragraph 42 that "Defendant and each of them never intended to grant Plaintiff a mortgage modification, instead using such application as a means to lull Plaintiff into a false sense of security. Thus all representations made to Plaintiff by JPMC and/or M&T Bank were false and Defendants, and each of them, knew them to be false." The Amended Complaint is devoid of any specificity and lacks the essential factual background which would provide the "who, what, when where and how" of the alleged fraud. *In re Norvergence, Inc.*, 384 B.R. 315. For these reasons, the Debtors' claims under the New Jersey Consumer Fraud Act fail.

8

The Court now turns to Defendant's arguments with respect to both the *Rooker Feldman* doctrine and *res judicata*/collateral estoppel defenses. The Court disagrees, in part, with Defendant's proposed application of these defenses. Chase contends that "Plaintiff's adversary complaint does nothing more than rehash the identical arguments asserted by Plaintiff in her unsuccessful state court motion to set aside the sheriffs sale. Accordingly, Plaintiffs claims are barred by the *Rooker-Feldman* Doctrine and the doctrines of *res judicata* and collateral estoppel." In this regard, Chase points the Court to the written findings of Presiding Chancery Judge Edward Coleman, dated January 13, 2015:

> 1. Plaintiff has "failed to demonstrate reasonable grounds to set aside the sheriff sale under New Jersey Court Rule 4:65-5. Ex. "D" to Lemkin Aff., at p. 4.
>
> 2. Plaintiff was " fully aware of the foreclosure process throughout the relevant time period, regardless of the manner in which [she was] served with notice" and "[t]hus, [Chase's] efforts here satisfied due process." "Moreover, at no time did [Plaintiff] dispute [her] financial obligations under the loan, the validity of the note and mortgage, or the default." Ex. "D" to Lemkin Aff., at p. 6.
>
> 3. The Plaintiff "fails to provide any convincing evidence which meets the standard applicable under New Jersey law when setting aside a sheriffs sale: namely that [Plaintiff has] failed to establish any basis demonstrating that the sale was somehow the product of any fraud, accident, surprise, or other irregularity." Ex. "D" to Lemkin Aff., at p. 6.
>
> 4. "[T]here is no right to a loan modification under New Jersey law. The Court agrees with the Supreme Court in Guillaume and finds similarly that ' excusable neglect does not include confusion over communications regarding loan modification, especially when there were repeated notices regarding the foreclosure action that was underway.'" Ex. "D" to Lemkin Aff., at p. 6.
>
> 5. "The record does not support the [Plaintiffs] claim that [she] was coerced into loan modification negotiations, or that this was done fraudulently. The [Plaintiff] defaulted on this loan in 2011 and [has] been in possession of this home for nearly four years. Principles of equity sway in favor of [Chase] in this matter." Ex. "D" to Lemkin Aff., at p. 6.

While this Court must and should respect these factual findings, to which there has been no appeal taken, the Court is also cognizant that these determinations were made in the context of deciding Plaintiff's motion to set aside the sheriff's sale. In order to be successful, Plaintiff had to meet a substantially higher threshold of proofs than required in her present adversary complaint. In point of fact, New Jersey case law is clear that while the Chancery Division has the inherent authority to vacate a sheriff's sale, within the Court's discretion, *First Trust National Assoc. v. Merola*, 319 N.J. Super. 44, 49 (App.Div. 1999), such relief should be granted only in the rarest instances when it is necessary for compelling reasons to remedy a plain injustice. *See E. Jersey Sav. & Loan v. Shatto*, 226 N.J. Super. 473, 476 (Ch. Div. 1987); *Karel v. Davis*, 122 N.J. Eq. 526, 529 (e. & A. 1937). A judicial sale may be set aside based on fraud, accident, surprise, mistake, irregularities in the conduct of the sale, or for several other equitable considerations. *U.S. Bank Nat. Assn v. Rodriguez*, 2013 WL 238179, at *2 (N.J. Super. Ct App. Div. Jan. 23, 2013). Judge Coleman's determination that no such circumstances or considerations warranted the grant of such extraordinary relief as vacating a sheriff's sale, does not mean necessarily that Plaintiff could not successfully make out claims for either breach of contract or violation of the NJ Consumer Fraud Act. The motion before Judge Coleman was one of limited scope and did not require Judge Coleman to address all of the issues raised in Plaintiff's Amended Complaint.

Turning specifically to the Third Count of the Amended Complaint for injunctive and declaratory relief, the Court dismisses this Count, with prejudice, inasmuch as Plaintiff is not

entitled to the equitable relief sought. This Court does accord substantial deference to the finding by Judge Coleman that **"[p]rinciples of equity sway in favor of Chase in this matter."** (emphasis added) Indeed, with respect to the Third Count, this Court is required to apply the doctrine of collateral estoppel to Judge Coleman's findings." Collateral estoppel 'bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action."' *In re Singh*, 2012 Bankr. LEXIS 1310, *4, Adv. Proc. No. 11-02117 (MBK) (Bankr. D.N.J. March 22, 2012), *citing Tarus v. Borough of Pine Hill*, 189 N.J. 497 (2007). "A party asserting collateral estoppel must show that: (i) the issue to be precluded is identical to the issue decided in the prior proceeding; (ii) the issue was actually litigated in the prior proceeding; (iii) the court in the prior proceeding issued a final judgment on the merits; (iv) the determination of the issue was essential to the prior judgment; and (v) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. *Id.* The Court finds all of the elements for the application of collateral estoppel have been met and incorporates, without repeating at length, Defendant's arguments set forth in its submissions. This Court will not undertake to vacate the sheriff's sale where the equities do not warrant such relief.

Finally, it is well established that a suit in equity does not lie where there is a plain, adequate and complete remedy at law. *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 187 (3d Cir. 2006*), as amended* (May 16, 2006). In the event this or any court were to rule in favor of Plaintiff with respect to the surviving counts of the Amended Complaint, she has a satisfactory remedy at law by means of monetary damages for any injury sustained. Given that Plaintiff has

11

not resided at the Property for years in light of the substantial hurricane damage, there is no reason why relief must include setting aside the sheriff's sale.

### IV.   Conclusion

In light of the foregoing and for the reasons expressed, Defendant's Motion is granted as to Counts Two and Three of the Amended Complaint and denied as to the balance of the Motion. Plaintiff will have 30 days to file a second amended complaint to address the deficiencies with respect to Count Two. Counsel for the Defendant is directed to submit a proposed form of order consistent with the Court's findings.

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: September 3, 2015